IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALAINA J. ORCUTT,**

    Plaintiff,

  vs.                                  Civil Action 2:06-CV-906
                                          Judge Smith
                                          Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## OPINION AND ORDER

This action was instituted under the provisions of 42 U.S.C. §§405(g), 1383(c) for review of the denial of plaintiff's applications for disability insurance benefits and supplemental security income. That administrative decision was reversed pursuant to Sentence 4 of 42 U.S.C. §405(g) and the matter was remanded to the Commissioner of Social Security for further proceedings. *Order Adopting and Affirming the Report and Recommendation*, Doc. No. 15. This matter is now before the Court on *Plaintiff's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act*, Doc. No. 17. The Commissioner opposes the motion, arguing that its position was substantially justified. *Defendant's Response*, Doc. No. 18.

The Equal Access to Justice Act, 28 U.S.C. §2412 ["EAJA"], provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, ... unless the court finds that the position of the United States is substantially justified. ..." 28 U.S.C. §2412(d)(1)(A). In *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), the United States Supreme Court explained that, under the EAJA,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. §2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Id.,* at 158.

In her motion, plaintiff seeks a total award of $3,719.25. The United States does not oppose the reasonableness of the fees sought by plaintiff. *Defendant's Response*. The Commissioner does, however, oppose the application on the basis that the Commissioner's position was substantially justified. This Court agrees.

Whether or not the Commissioner's administrative position was substantially justified is essentially a question of reasonableness. *Sullivan v. Hudson,* 490 U.S. 877, 883-85 (1989); *Pierce v. Underwood,* 487 U.S. 552, 564-65 (1988). The position of an agency is "substantially justified" if it is "'justified in substance or in the main' -- that is -- justified to a degree that would satisfy a reasonable person." *Underwood,* at 565-66.

The administrative law judge found that plaintiff suffers severe impairments consisting of bipolar disorder, depression, borderline intellectual functioning and alcohol abuse. The administrative law judge found that, when plaintiff abstains from alcohol, she can perform a significant number of unskilled entry level jobs in the regional and national economies at all exertional levels. Because he found that plaintiff is not disabled in the absence of her alcohol abuse disorder, the administrative law judge concluded that plaintiff is not disabled within the meaning of the Social Security Act. This Court reversed that decision and remanded the action for further consideration of plaintiff's

2

alcohol abuse and of the September 2003 residual functional capacity assessment made by her treating psychiatrist. *Order Adopting Report and Recommendation.*

Notwithstanding that judgment, this Court agrees with the Commissioner that the decision of the administrative law judge was substantially justified.

In September 2003, plaintiff's treating psychiatrist, Charles Flanagan, D.O., diagnosed bipolar disorder and made no mention of substance abuse. According to Dr. Flanagan, plaintiff's ability to understand and follow through and to adapt was poor, her ability to maintain attention was fair and her ability to sustain concentration, persist at tasks and complete them in a timely fashion was "very poor." *A.R.* 156. She would react "poorly" to the pressures involved in simple, routine and repetitive tasks. *Id.* Sometime later, however, Dr. Flanagan included a diagnosis of alcohol abuse, and indicated that plaintiff had begun drinking at least two years prior to his September 2003 assessment. *A.R.* 191-93.

Jeffrey Madden, Ph.D., the psychological expert who testified at the administrative hearing, construed Dr. Flanagan's reports as indicating that his diagnosis of alcohol abuse applied to all relevant periods, *A.R.* 373, and the administrative law judge discounted Dr. Flanagan's September 2003 report because it failed to include a diagnosis of alcohol abuse. The administrative law judge adopted Dr. Madden's residual functional capacity assessment and found that, if plaintiff were not abusing alcohol, her mental impairments would result in only mild impairments in activities of daily living, in maintaining social functioning and in maintaining concentration, persistence and pace. *See A.R.* 355-56.

Although the Court remains convinced that remand of the action for further consideration was appropriate, the Court nevertheless concludes that, for purposes of the EAJA, the administrative law judge's reliance on the testimony of Dr. Madden and the finding that plaintiff's residual functional capacity permitted the performance of substantial gainful activity was substantially justified.

Accordingly, plaintiff's application for attorney's fees pursuant to the EAJA, Doc. No. 17, is **DENIED.**

                                                   s/George C. Smith
                                               George C. Smith, Judge
                                           United States District Court